## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KEAIRA BOOKER**, an adult individual, | Civil Action |
| Plaintiff, | No.:   2:19-CV-1649 |
| v. | |
| **BOROUGH OF NORTH BRADDOCK**, a municipal corporation, and **LARRY BUTLER**, individually and in his official capacity as a police officer of the Borough of North Braddock and **ISAAC DANIELS**, individually and in his official capacity as a police officer of the Borough of North Braddock and **JOHN DOE**, individually and in his official capacity as a police officer of the Borough of North Braddock and **JANE DOE**, individually and in her official capacity as a police officer of the Borough of North Braddock . | |
| Defendants. | JURY TRIAL DEMANDED |

## COMPLAINT IN CIVIL ACTION

AND NOW, comes the Plaintiff, KEAIRA BOOKER, by and through her undersigned counsel, Todd J. Hollis, Esquire, of Todd J. Hollis Law, files the following Complaint in  Civil Action, stating in support thereof as follows:

## JURISDICTION

1. This Honorable Court has jurisdiction of the within matters pursuant to 28 U.S.C. §§1331 and §§ 1343 such that the causes of action enumerated herein arise under the Constitution, treaties or laws of the United States.  In particular, the causes of action enumerated herein arise under the Civil Rights Act of 1871, as amended, 42 U.S.C.

§1983, and the Fourth and Fourteenth Amendments of the United States Constitution. Further, this Honorable Court has supplemental jurisdiction of Ms. Booker's state law claims pursuant to 28 U.S.C. §1367(a).


## PARTIES

2. Plaintiff, KEAIRA BOOKER (hereinafter "Ms. Booker") is an adult individual, and a citizen of the United States of America, County of Allegheny, at all times material to this Complaint.

3. Upon information and belief at all times hereinafter mentioned, the Defendant, BOROUGH OF NORTH BRADDOCK (hereinafter "Borough") is a municipal corporation duly organized and existing under, and by virtue of, the laws of the Commonwealth of Pennsylvania, with administrative offices located at 600 Anderson Street, North Braddock, Allegheny County, Pennsylvania 15104.

4. Upon information and belief at all times hereinafter mentioned, the Defendant, "Borough", including its agents, servants and/or employees operated, maintained and controlled the North Braddock Police Department, hereinafter referred to as the "NBPD", including all the police officers therein.

5. Upon information and belief, at all times hereinafter mentioned, including on the 19th day of August, 2019, and continuing thereafter Defendant Police Sergeant Larry Butler, hereinafter referred to as "Sergeant Butler", was employed as a Police Officer by the "Borough" and/or "NBPD", and assigned to patrol the North Braddock community. At all relevant times set forth below Sergeant Butler acted in the capacity of a police officer and employee of the Borough of North Braddock.

6.  Sergeant Butler, at all times mentioned herein was acting under the color of state law at all times material to this Complaint.  He is sued in his individual and in his official capacity as a police officer of the Borough of North Braddock.

7.  Upon information and belief, at all times hereinafter mentioned, including on the 19th day of August, 2019, and continuing thereafter, Defendant Chief of Police Isaac Daniels, hereinafter referred to as "Chief Daniels", was employed as a Police Chief by the "Borough" and/or "NBPD", and assigned to supervise assigned police officer(s), administer policy and patrol the North Braddock community.  At all relevant times set forth below Daniels acted in the capacity of a police chief and employee of the Borough of North Braddock.

8.  Chief Daniels at all times mentioned herein was acting under the color of state law at all times material to this Complaint.  He is sued in his individual and in his official capacity as a police officer of the Borough of North Braddock.

9.  Upon information and belief, at all times hereinafter mentioned, including on the 19th day of August, 2019, and continuing thereafter, Defendant John Doe, hereinafter referred to as "John Doe", was employed as a Police Officer by the "Borough" and/or "NBPD", and assigned to police and patrol the North Braddock community.  At all relevant times set forth below John Doe acted in the capacity of a police officer and employee of the Borough of North Braddock. He is sued in his individual and in his official capacity as a police officer of the Borough of North Braddock.

10.  Upon information and belief, at all times hereinafter mentioned, including on the 19th day of August, 2019, and continuing thereafter, Defendant Jane Doe, hereinafter referred to as "Jane Doe", was employed as a Police Officer by the "Borough" and/or "NBPD",

and assigned to police and patrol the North Braddock community.  At all relevant times set forth below Jane Doe acted in the capacity of a police officer and employee of the Borough of North Braddock. She is sued in her individual and in her official capacity as a police officer of the Borough of North Braddock.

11.   The aforementioned named Defendants, individually and collectively, and at all times mentioned within this Complaint were obligated and under legal duty to follow, and uphold the Constitution of the United States of America and the State of Pennsylvania.

12.   The aforementioned named Defendants, individually and collectively, at all relevant times mentioned within this Complaint were obligated and under a legal duty to follow, abide, uphold and/or enforce the Pennsylvania State Penal laws.

13.   The aforementioned named Defendants, individually and collectively, at all relevant times mentioned within this Complaint were obligated and under a duty to follow, enforce and execute their respective duties and responsibilities as set forth within the policies located in the North Braddock Borough Patrol Guide Hand Book and any interim orders and police memorandums in effect.

14.   Each named Defendant, at all relevant times set forth herein was required to read, know, and enforce all NBPD Patrol guidelines in effect, including interim orders and/ or police memorandums.

15.   Upon information and belief, at all relevant times set forth herein, Chief Daniels of the NBPD, was responsible for the following:

    a.   Developing specific plans and implementing strategies and programs and procedures to reduce crime and/or fear of crime;

b.  Utilizing staff to administer, assign, control, coordinate, discipline, evaluate, guide, motivate, supervise and ensure the mission of the command;

c.  Inspect each subordinates' commands "Confidential Performance Profile" annually;

d.  Ensure that administrative and operational responsibilities are performed properly; and

e.  Mentor and guide subordinate command staff; and

f.  Attend staff briefings with Internal Affairs Bureau, Quality Assurance Division and Personal orders section Semi-annually.

g.  Provide necessary discipline to subordinate personnel;

h.  Inform members of command of current directives and orders;

i.  Provide administrative and record keeping functions of the command;

j.  Review disciplinary history of members in performance monitoring programs;

k.  Instruct and frequently test the knowledge of members of the command regarding their duties and responsibilities;

l.  Assigning ranking officers to perform tasks, including forwarding reports  and performance evaluations;

m.  Review activity of members of command;

n.  Investigate reports of neglect of duty by subordinates;

o.  Closely monitor the performance of uniformed members;

p.  Be thoroughly familiar with the confidential performance profile of subordinate members;

q.  Administer Command Discipline;

r.  Direct an executive officer to adjudicate command discipline;

s.  Reiterate to supervisors that they are responsible for creating a professional work environment for their subordinates;

t.  Regularly assess the work environment within the command to determine  and maintain a professional atmosphere and rectify situations which undermine professional conduct and achievement;

u.  Advise employees that vulgar language are offensive, unwelcome, inappropriate for the workplace and subject to disciplining action; and

    v.   Encourage all members of the service to report inappropriate conduct.

16. At all relevant times hereafter mentioned, Chief Daniels was a supervisory police officer and in charge of insuring compliance with the laws of the United States and State of Pennsylvania, the rules and regulations of the "Borough" and "NBPD" and its' officers assigned to the Borough of North Braddock, upon information and belief herein all named Defendants are officers.

17. Upon information belief at all relevant times hereunder Chief Daniels was the supervising officer of Sergeant Butler, John Doe and Jane Doe.

18. Upon information and belief at all relevant times hereunder Chief Daniels did not properly perform his respective job description and obligations as Sergeant Butler, John Doe and Jane Doe's supervisor.

19. Plaintiff is currently employed by Turtle Creek Valley Community Services, as a residential adviser who cares for patients with intellectual disabilities.  Her reputation is very important to her.

20. Plaintiff is a resident of North Braddock, she also identifies as a community activist.  As such, she is concerned with the relationship the Community of North Braddock has with its' police department.

## STATEMENT OF FACTS

21. Activism consists of efforts to promote, impede, direct, or intervene in social, political, economic, and/or environmental reform with the desire to make changes in society.  Activists such as Ms. Booker will sometimes observe, witness, record, and document police officer arrests /or interactions with citizens of the City of Pittsburgh.

22. Upon information and belief Sergeant Butler, Chief Daniels, John Doe and Jane Doe held activists and there methods of observing police conduct in disdain.

23. This premise was solidified and made dominantly clear to Ms. Booker on August 19, 2019 at approximately 11.06 p.m.

24. It was on this date and at this time that Ms. Booker was in the vicinity of a local tavern known as Cruds, located at or near Brinton & Sheridan street, in the Borough of North Braddock, Pennsylvania.

25. Plaintiff was sitting in her car observing Sergeant Butler during a traffic stop of a civilian male. She did not attempt to:

   a. remove herself from her car;
   b. make any loud noises;
   c. obstruct the roadways by parking illegally;
   d. she made no obscene gestures or language;
   e. or do any other actions that might distract Officer Sergeant Butler during the performance of his duties.

26. Upon information and belief, the Plaintiff observed a civilian standing outside of his vehicle while Sergeant Butler appeared to be asking him questions and searching it.

27. The Plaintiff began to video record the encounter. See Plaintiff's Exhibit "1".

28. Sergeant Butler leaned into Ms. Booker's vehicle and told her that her vehicle was blocking the roadway and that she needed to move on.

29. Even though her vehicle was legally parked Ms. Booker cooperated with Sergeant Butler's demands and moved her vehicle closer to the side walk and parked.

30. Upon information and belief Sergeant Butler was aware that Ms. Booker had videotaped his encounter with the civilian.  This angered Mr. Butler.

31. In response Sergeant Butler completed his transaction with the civilian then walked over to the drivers' side door of Ms. Booker's vehicle.

32.  Although Ms. Booker had committed no crime, Sergeant Butler demanded that she provide her identification.  According to the Pennsylvania Rules of Criminal Procedure it is not necessary to provide your identification for an alleged summary parking violation. Nor are individuals who have only violated this offense subject to being taken into physical custody absent other extraneous events.

33.  Sergeant Butler's justification for Ms. Booker's identification was improperly based on her car allegedly being illegally parked for mere seconds moments earlier.

34.  Ms. Booker responded to Mr. Booker's allegations of her car being improperly parked by pointing her recording device at the curb, where it clearly showed her car was legally parked.

35.  Mr. Butler could see Ms. Booker's recording device in her hand during his interaction. Hence he knew or suspected that he was being recorded.

36.  Sergeant Butler, became clearly agitated by her interaction with him and threatened to arrest her if she didn't provide/ produce her identification.

37.  Ms. Booker responded by asking for Sergeant Booker's name.  Per the video transcript he ignored her request.

38.  Per the video transcript Sergeant Butler then reached through the window of her driver's side door, unlocked her door and forcibly removed Ms. Booker from the car.

39.  After he removed her from the car she was placed in handcuffs and arrested.

40.  Butler directed Jane Doe officer to search Ms. Booker without her consent.

41.  An officer is liable for excessive force if his or her own "reckless or deliberate conduct during the seizure unreasonably created the need to use such force[.]"); Allen v. Muskogee, 119 F.3d 837, 840 (10th Cir. 1997); Sevier v. City of Lawrence, 60 F.3d 695,

699 (10th Cir. 1995); Estate of Starks v. Enyart, 5 F.3d 230, 233-34 (7th Cir.1993); Catlin v. City of Case 3:15-cv-00064-KRG Document 1 Filed 03/11/15 Page 5 of 22 6 Wheaton, 574 F.3d 361, 369 n.7 (7th Cir. 2009); Sledd v. Lindsay, 102 F.3d 282, 287-88 (7th Cir. 1996); Alexander v. City and County of San Francisco, 29 F.3d 1355, 1366 (9th Cir. 1994).

42.   Following Ms. Booker's arrest Sergeant Butler maliciously towed her legally parked car.

43.   While Ms. Booker sat handcuffed in Sergeant Butler's patrol car, audio transcripts show that he called dispatch to run a background check upon her.

44.   Ms. Booker was horrified and frightened.

45.   Sergeant Butler directed that she be transported to the North Braddock Police Station.

46.   Once inside the station, Ms. Booker's mother, Jessica Booker arrived to determine the status of her daughter and why she had been detained.

47.   Ms. Jessica Booker, took possession of Keaira's phone and played the video to Sergeant Butler.  At that time, he agreed that Ms. Booker's car was legally parked.

48.   However, to justify or mask his impropriety and breech of Ms. Booker's civil rights he charged her with disorderly conduct through a Citation "R 2165997-1".

49.    It is believed and therefore averred that this matter was brought to the attention of Chief Daniels who approved the filing of the criminal charges listed in the citation.

50.   Upon information and belief, both Chief Daniels and Sergeant Butler attempted to manufacture criminal charges to file against Ms. Booker to conceal violations of Ms. Booker's civil rights.

51. Upon information and belief both Chief Daniels and Sergeant Butler knew after seeing the video that the use of force to arrest and subsequently detain Ms. Booker was unnecessary, against departmental policy and violated state and federal law.

52. Upon information and belief both Chief Daniels and Sergeant Butler knew after seeing the video that it was not necessary to obtain Ms. Booker's identification to issue a parking citation. Yet these actions against her were done to retaliate against her because she recorded Sergeant Butler's investigation of the civilian.

53. Sergeant Butler, the arresting officer filled out an arrest report/citation at R216-5997-1 accusing Ms. Booker of committing the crime of Disorderly Conduct-18 Pa.C.S.A. 5503.

54. Both Butler and Daniels collectively submitted a false Citation. Sergeant Butler alleged on the face of the Citation that Ms. Booker was charged with blocking a road way, being improperly parked, refusing to provide identification, obstructing an investigation and resisting arrest.

55. The arrest report was signed off on and approved by Chief Daniels.

56. Upon information and belief, after being illegally detained for hours Ms. Booker was released from custody/confinement.

57. On November 7, 2019, Ms. Booker appeared before District Magistrate Scott Schricker to respond to the aforementioned charges. Prior to this matter being heard Sergeant Butler, upon information and belief knew, feared and/or believed that Ms. Booker had incriminating information against him that she intended to present in her defense saved on the electronic device previously mentioned and subsequently requested that Magistrate Schricker dismiss the charges.

58. Thirty (30) days have elapsed since the summary Citation was dismissed and Sergeant Butler did not petition to have that matter appealed.

59. All Defendants individually and collectively knew upon information and belief that Ms. Booker was innocent.

60. Upon information and belief the Defendant collectively and individually fabricated false charges, filled out false paperwork, provided and made false statements under oath and color of law to cover-up the illegal arrest, and search and seizure of Ms. Booker.

61. Defendant Butler filled out the police Complaint/Citation and arrest reports falsely alleging that the Plaintiff was disorderly. The Complaint was approved by Chief Daniels.

62. The arrest report falsely accused the Plaintiff of violating penal law 18 Pa.C.S.A. 5503.

63. All charges filed against the Plaintiff were false and unsupported and contradicted the video transcript.

64. Upon information and belief, all police officers including the named Defendants herein are trained and advised and know that intentionally making a false statement is prohibited, subject to disciplinary action, including dismissal.

65. As a result of the false charges filed against Ms. Booker, she was incarcerated, imprisoned, denied access to her property, denied access to a lawyer, was compelled to hire legal counsel and attend a court appearance on November 7, 2019.

66. On November 7, 2019, all criminal charges were dismissed against Ms. Booker.

67. Based upon information and belief all Defendants individually and collectively subverted and corrupted the judicial process, to charge Ms. Booker with crimes knowing the charges were false and knowing the evidence was fabricated.

68.   Sergeant Butler violated Ms. Booker's Fourth and Fourteenth Amendment rights by using excessive and unnecessary force in his apprehension, and post-arrest conduct.

69.   Based upon information and belief all Defendants individually and collectively caused Ms. Booker to suffer severe and permanent physical and emotional injuries requiring medical treatment together with medical expenses.  Further, Sergeant Butler's conduct caused the Plaintiff to endure loss of health, vitality, pain, suffering and humiliation.

### COUNT I  § 1983 Excessive Use of Force

Keaira Booker, an individual
v.
Borough of North Braddock and Larry Butler, individually.

70.   The allegations contained in Paragraphs (1-69) of this Complaint in Civil Action are incorporated herein by reference as if the same were set forth at length.

71.   Pursuant to the Fourth Amendment of the U.S. Constitution, police officers enjoy a privilege to use objectively reasonable force to affect a lawful arrest.

72.   At the time and date aforementioned, Sergeant Butler was a police officer with the Borough of North Braddock Police Department and was acting within the scope of his employment.

73.   Sergeant Butler used unnecessary and excessive force in the detention and subsequent arrest of Ms. Booker.

74.   Sergeant Butler, while detaining Ms. Booker, did unnecessarily batter and physically abuse Ms. Booker as he pulled her from her vehicle when in fact she offered no resistance and the alleged violation did not require the use of any force what so ever.

75. The force used by Sergeant Butler while detaining Ms. Booker was objectively unreasonable and excessive.

76. Ms. Booker at no time resisted Sergeant Butler.

77. As a direct result of the said unlawful and malicious physical abuse of Ms. Booker by Sergeant Butler, committed under the color of law and under his authority as a police officer of the Borough, Ms. Booker suffered serious bodily harm and was deprived of her right to secure her person against unreasonable use of excessive force, all of which was in violation of the Fourth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. §1983.

78. As a result of Sergeant Butler's conduct, Ms. Booker suffered physical, emotional and psychological injuries, all of which occurred by reason of the assault and trauma described above.

79. Ms. Booker has suffered loss of her general good health and vitality.

80. Sergeant Butler's acts were wanton, malicious and oppressive, entitling Ms. Booker to punitive damages.

WHEREFORE, Plaintiff, KEAIRA BOOKER, demands judgment in her favor, and against the Defendants, BOROUGH OF NORTH BRADDOCK and LARRY BUTLER, jointly and severally, for compensatory damages and for punitive damages, together with costs of this action, reasonable attorneys' fees, and all other relief this Honorable Court deems appropriate under the circumstances.

JURY TRIAL DEMANDED.

**COUNT II**

Assault & Battery

Keaira Booker, an individual
v.
Larry Butler, individually and in his official
capacity as a police officer of the Borough of North Braddock

81.   The allegations contained in proceeding paragraphs (1-80) of this Complaint in Civil Action are incorporated herein by reference as if the same were set forth at length.

82.   As a result of the unlawful actions of Sergeant Butler, a cause of action has previously been stated for assault and battery.

WHEREFORE, the Plaintiff, KEAIRA BOOKER, demands judgment in her favor, and against the Defendant, LARRY BUTLER, individually and officially, for compensatory damages, punitive damages, plus costs of this action, and such other relief as this Honorable Court deems fair and appropriate under the circumstances.

JURY TRIAL DEMANDED.

**COUNT III**

§ 1983 Municipal Liability for Failure to
Properly Train, Supervise and Discipline

Keaira Booker
v.
Borough of North Braddock, a municipality

83.   The allegations contained in the preceding paragraphs (1-82) of this Complaint in Civil Action are incorporated herein by reference as if the same were set forth at length.

84.   The Borough, acting through its' police department, and through the individual Defendant Sergeant Butler named herein who was employed by the NBPD and acting under color of law, directly caused the Constitutional violations suffered by Ms. Booker.

85.   The Borough is therefore liable for the damages suffered by Ms. Booker, as a result of the conduct of Sergeant Butler.

86.   At all times relevant to this Complaint, the Borough, acting through its Police Department, had in effect policies, practices, and customs that condoned and fostered the unconstitutional conduct of Defendants Sergeant Butler, Chief Daniels and John Doe and Jane Doe.

87.   The Borough's policies, practices and customs were a direct and proximate cause of the damages and injuries suffered by Ms. Booker and complained of herein and of the unlawful conduct of Defendants Sergeant Butler, Chief Daniels and John Doe and Jane Doe.

88.   Ms. Booker's August 19, 2019 encounter with the Borough police is one of the many encounters in which young women such as Ms. Booker who are confronted by Borough police officer Butler would become the victim of brutality and abuse.

89.   At all times relevant to this Complaint, Defendant Borough, acting through its police department, had policies, practices, customs, and usages of:

   a.   Encouraging and/or tacitly sanctioning the violation of the Constitutional rights of its citizens.
   b.   Upon information and belief, planning and implementing policies, practices, customs and usage of  force or excessive force where force wasn't necessary to excuse their excessive and unreasonable actions; and

    c.   Using their authority to intimidate or harass women within the Borough to suppress their Civil and Constitutional rights.

90.   The Borough police department consciously disregarded the illegality and unconstitutionality of said use of force and retaliation, in order to punish and suppress Ms. Booker' civil rights. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

91.   It was the policy and/or custom of the Borough to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by the Borough.

92.   It was the policy and/or custom of the Borough to inadequately train, supervise and discipline their police officers, including Sergeant Butler, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The Borough did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

93.   As a result of the above described policies and customs, police officers of the Borough, including Sergeant Butler, believed that their actions would not be properly monitored by a supervisory officer and that misconduct would not be investigated or sanctioned, but would be tolerated.

94.   The wrongful policies, practices, customs and/or usages complained of herein, demonstrated a deliberate indifference on the part of policymakers of the Borough to the Constitutional rights of persons within the Borough, and were the direct and proximate cause of the violations suffered by Ms. Booker' herein.

95.   Ms. Booker believes and therefore avers, that in reviewing the video tape of the criminal charges against her that the superintendent of the Borough police department, acting through its supervising agents, failed to make any inquiry or investigation, or in any way appropriately discipline the offending officer.

96.   Ms. Booker, based upon information and upon the circumstances surrounding her contact with the Borough, believes that there exists, and has existed for a time prior to the incident relating to her, a deliberate indifference by the Borough to the Complaints of citizens regarding the alleged improper actions of the Borough police officer.

97.   As a result of the deliberate indifference of the Borough, and its failure to properly discipline, supervise and adequately train the members of its' police department, and the actions taken against Ms. Booker, said Defendant, through its supervising agents have tacitly authorized, as well as initiated a pattern and  practice which has permitted and/or will permit police officers such as the Defendant herein to violate the United States Constitution and the laws of the Commonwealth of Pennsylvania.

98.   Ms. Booker further alleges, upon information and belief, that the supervising agents responsible for overseeing and reviewing acts of the Borough police department, has failed to establish a training program, disciplinary or supervisory procedures adequate to enable police officer to carry out their duties.

99.   Ms. Booker further alleges, upon information and belief, that:

   a.   The Borough failed to train, supervise and discipline their police officers;
   b.   Any program that was provided by the Borough to train, supervise and discipline its police officer was inadequate to enable said officer to carry out their duties;
   c.   The Borough was aware of the obvious need for and inadequacy of said programs, so as to result in the violation of her Constitutional rights;

    d. The Borough knew or should have known that the failure to properly train, supervise and discipline its police officer was likely to result in the violation of Ms. Booker's Constitutional rights;

    e. The Borough policymakers were deliberately indifferent to the need for such training, supervision and discipline to protect the rights of the Plaintiff and other citizens; and

    f. The failure of the Borough to provide the proper training, supervision and discipline has caused Ms. Booker and others to suffer violations of their Constitutional rights, and has created an environment which encourages police officers to violate the law.

100. All of the above actions have in the past contributed, and will in the future continue to contribute, to the improper treatment of citizens of the Borough, and those passing through its physical boundaries, so as to imply, by its failure to act, that the Borough tacitly authorizes a pattern and practice as previously set forth herein.

101. As a direct and proximate result of the Borough's actions as herein alleged, Ms. Booker was caused to suffer physical and emotional injuries, some of which may be permanent; she has suffered special damages in the form of medical expenses; was required to obtain legal counsel, at substantial expense and inconvenience, may be required to secure a scientific expert to assist her in her defense, and will suffer additional special damages in the future, the amounts of which have not been fully determined, all to her financial detriment.

WHEREFORE, the Plaintiff, KEAIRA BOOKER, demands judgment in her favor, and against the Defendant, BOROUGH OF NORTH BRADDOCK, for compensatory damages,

together with costs of this action, reasonable attorneys' fees, and such other relief as this Honorable Court deems fair and appropriate under the circumstances.

JURY TRIAL DEMANDED

## COUNT IV False Arrest

Keaira Booker, an individual.
v.
Borough of North Braddock, and Larry Butler, individually and in his individual capacity

102.  The allegations contained in Paragraphs (1-101) of this Complaint in Civil Action are incorporated herein by reference as if the same were set forth at length.

103.  That the Defendants Larry Butler and the Borough of North Braddock, their agents, servants and/or employees including but not limited to Sergeant Butler, acted with intent to arrest the Plaintiff on August 19, 2019 at approximately 11.06 p.m. in front of the Cruds Tavern at Brinton and Sheridan street in North Braddock, Pennsylvania.

104.  Plaintiff, without her consent or just cause was taken into custody, arrested, and held against her will until she was released.

105.  Defendants knew that they did not have probable cause to arrest the Plaintiff.  By reason of the aforesaid, the Plaintiff has been damaged.

WHEREFORE, the Plaintiff, KEAIRA BOOKER, demands judgment in her favor, and against the Defendants, LARRY BUTLER, individually and in his official capacity and the BOROUGH OF NORTH BRADDOCK jointly and severally for compensatory damages, punitive damages, plus costs of this action, and such other relief as this Honorable Court deems fair and appropriate under the circumstances.

JURY TRIAL DEMANDED

## COUNT V False Imprisonment

Keaira Booker, an individual

v.

Borough of North Braddock, and Larry Butler, in his official and individual

Capacity, Isaac Daniels, John Doe and Jane Doe.

106.  The allegations contained in Paragraphs (1-105) of this Complaint in Civil Action are incorporated herein by reference as if the same were set forth at length.

107.  That the Defendant, Borough, their agents, servants and/or employees including Sergeant Butler and Chief Isaac Daniels, John Doe and Jane Doe, acted with intent to imprison the Plaintiff.

108.  That the Plaintiff, without her consent or just cause was taken into custody and held against her will until she was released.

109.  That by reason of the aforesaid, the Plaintiff has been damaged in a sum exceeding the jurisdictional limit of the lower court.

WHEREFORE, the Plaintiff, KEAIRA BOOKER, demands judgment in her favor, against the Defendants, LARRY BUTLER, in his official and individual capacity, ISAAC DANIELS, in his official and individual capacity, John Doe, in his official and individual capacity and Jane Doe in her official and individual capacity and the BOROUGH OF NORTH BRADDOCK for compensatory damages, punitive damages plus costs of this action, and such other relief as this Honorable Court deems fair and appropriate under the circumstances.

JURY TRIAL DEMANDED

## COUNT VI

Constitutional Violations of the First, Fourth and Fourteenth
Amendment, 42 U.S.C. Sections 1983 & 1988

Keaira Booker, an individual.
v.

Borough of North Braddock, and Larry Butler, in his individual
and official capacity and Isaac Daniels, in his individual and official capacity.

110. The allegations contained in Paragraphs (1-109) of this Complaint in Civil Action are
incorporated herein by reference as if the same were set forth at length.

111. That at all times hereinafter mentioned, and on August 19, 2019, the Defendants Sergeant
Butler and Isaac Daniels were employed by the Defendant Borough and each was acting
under the color of his official capacity and his acts were performed under the color of the
policies, statutes, ordinances, rules and regulations of the State of Pennsylvania, i.e. color
of law.

112. That at all times, 'the officers" were acting pursuant to orders, directives, training,
supervision and guidelines from the Defendant, Borough and/or supervisors employed
therein.

113. That during all times herein before and hereinafter mentioned, Butler and Daniels acted
under color and pretense of law, to wit: under color of the statutes, ordinances,
regulations, customs and usages of the Borough and/or the NBPD and that they acted
under the color and pretense of law, and engaged in the illegal conduct set forth in this
Complaint to the injury of the Plaintiff, and deprived her of the rights and privileges
secured to her by the First, Fourth, and Fourteenth Amendments to the Constitution of the
United States and the laws of the United States, and State of Pennsylvania and U.S.C.
Section 1983 and 1988.

114. That on the date, time and location the Plaintiff was lawfully exercising her First Amendment right to videotape police conduct.

115. That the Plaintiff in videotaping police activity was not interfering with their official functions.

116. Ms. Booker has a First Amendment right to record police/ civilian interactions.  She was under no obligation to provide her identification to Butler, her requests to obtain Butler's name is permissible under NBPD guidelines as well as under the First and Fourteenth Amendments to the Constitution of the United States.

117. After Butler realized that he was being videotaped and Booker requested Sergeant Butler's badge numbers, he retaliated by arresting the Plaintiff despite the absence of probable cause to subvert or drown her constitutional rights.

118. Butler was the subject of prior Complaints made by other Plaintiffs to which the Defendant ignored when it hired Sergeant Butler.

119. Sergeant Butler and Chief Daniels arrested, approved of, condoned and/or encouraged the arrest of Ms. Booker despite the absence of probable cause to arrest her.

120. The criminal charges made against Ms. Booker were motivated and derived from a retaliatory animus against her.

121. Ms. Booker was arrested on criminal charges, released with a summons, detained for hours, subjected to an illegal search.

122. Ms. Booker's Fourth Amendment right was violated in that she was seized, held and arrested by Butler and Daniel's without a warrant and without probable cause.  Upon information and belief Chief Daniels approved of said arrest.

123. Ms. Booker's First and Fourth Amendment rights were violated by maliciously prosecuting her for crimes that they knew or should have known she did not commit. These actions as stated herein above were initiated by the Defendants Butler and Daniels, were done without probable cause and interfered with Ms. Booker's liberty interests. The criminal charges and procedures were unjustified. The Plaintiff was in fact innocent of all charges.

124. Upon information and belief the malicious prosecution of Ms. Booker was motivated and unlawfully attempted to interfere with her right to be an activist and citizen of the Borough of North Braddock and record, document and report police misconduct, thereby violating her rights under the First Amendment.

125.  Said conduct violated her rights under the Fourth Amendment.

126. Officers John and Jane Doe was present at the time Ms. Booker was wrongfully seized, arrested, and subjected to force and the excessive use of force.  As such they had the ability to stop the illegal conduct, and were under a duty to stop Sergeant Butler from engaging in said unlawful conduct, yet failed to do so.

127. Chief Daniels, as a supervisory officer, affirmed the Plaintiff's arrest and upon information and belief participated in and condoned the Borough's actions of targeting the Plaintiff for harassment and/or arrest due to her participation as an activist.

128. Upon information and belief Chief Daniels acquiesced to the actions of the officers herein which resulted in the arrest of the Plaintiff absent probable cause to believe a crime was committed.

129. Upon information and belief Chief Daniels was aware of, or should have been aware of, Sergeant Butler's improper stop and frisk, use of excessive force, and he failed to

properly supervise or discipline him to prevent these very violations from occurring to the Plaintiff herein.

130. Chief Daniels's conduct, or lack of appropriate conduct, was a direct proximate cause of the Plaintiff's injuries.

131. By reason of the aforesaid violations the Defendant Butler individually and/or collectively, violated Plaintiff's rights and privileges as provided to her in the Constitution of the United States of America, and provided to her in the Constitution of the State of Pennsylvania, and laws thereto, and violated 42 U.S.C. §1983.

132. As a direct proximate result of the Defendants actions the Plaintiff, was subjected to loss of liberty, physical injury, damage to property, great indignities, humiliation, pain and distress of mind and body.

WHEREFORE, the Plaintiff, KEAIRA BOOKER, demands judgment in her favor, against the Defendants, LARRY BUTLER, individually and officially, ISAAC DANIELS, individually and officially and the BOROUGH OF NORTH BRADDOCK jointly and severally for compensatory damages, punitive damages, plus costs of this action, and such other relief as this Honorable Court deems fair and appropriate under the circumstances.

JURY TRIAL DEMANDED.

## COUNT VII

Malicious Prosecution

KEAIRA BOOKER, an individual
v.
Borough of North Braddock, Larry Butler, in his individual and official
capacity and Chief Isaac Daniels, in his individual and official capacity.

134. The allegations contained in Paragraphs (1-133) of this Complaint in Civil Action are
incorporated herein by reference as if the same were set forth at length.

135. Charges were falsely filed against Ms. Booker for the crimes of Disorderly Conduct.

136. The Defendants intended to prosecute the Plaintiff.

137. The Plaintiff did not commit any crime or violation for which she was charged in the
Citation.

138. That the Defendants knew or should have known that the Plaintiff did not commit the
crime(s) or violation(s) for which she was charged.

139. The Plaintiff was innocent of all charges.

140. The Defendants acted with malice in arresting, charging and prosecuting the Plaintiff.

141. As a result thereof the Plaintiff was caused to attend Court proceedings and hire legal
counsel.

142. The criminal charges were dismissed against the Plaintiff on November 7, 2019.

143. The Plaintiff has been damaged in a sum exceeding the jurisdictional limit of this Court.

WHEREFORE, the Plaintiff, KEAIRA BOOKER, demands judgment in her favor,
against the Defendants, LARRY BUTLER, individually and officially, ISAAC DANIELS,
individually and officially and the BOROUGH OF NORTH BRADDOCK jointly and

severally for compensatory damages, plus costs of this action, and such other relief as this Honorable Court deems fair and appropriate under the circumstances.

JURY TRIAL DEMANDED


## COUNT VIII

Abuse of Process

Keaira Booker, an individual.
v.

Borough of North Braddock, and Larry Butler, in his individual
And official capacity and Chief Isaac Daniels, in his individual and official capacity.


144. The allegations contained in Paragraphs (1-143) of this Complaint in Civil Action are incorporated herein by reference as if the same were set forth at length.

145. Butler, Daniels and the Borough at all times relevant and prior to the filing of this action against Ms. Booker reviewed the video and other pertinent material that dis positively vindicated Ms. Booker of any Criminal wrongdoing.

146. The Plaintiff, Ms. Booker commenced the instant action against the Defendants Butler, Daniels and the Borough wherein they alleged she was guilty of summary disorderly conduct.

147. Butler, Daniels and the Borough knew before it filed the instant action against Ms. Booker that she was not guilty of any criminal offense relevant to the instant action.

148. Nevertheless Butler, Daniels and the Borough filed the Citation against Ms. Booker to harass and intimidate her.

149. Ms. Booker has suffered financial and psychological harm as a result of Butler, Daniels and the Borough's malicious actions.

150. Ms. Booker is entitled to recover damages from Butler, Daniels and the Borough based on the theories of liability hereinafter enumerated in the above counts, and under such other theories of liability as may be appropriate based upon the facts as alleged herein or as revealed during discovery.

151. Butler, Daniels and the Borough's actions establish malice towards Ms. Booker.

152. As a direct, sole and proximate result of Defendant's malicious conduct, Plaintiff sustained the aforementioned damages, including but not limited to, physical or mental injury, expenses, loss of time and injury to business, property, or financial standing

153. As a direct and proximate result of Butler, Daniels and the Boroughs malicious conduct Ms. Booker has been unlawfully damaged and seeks punitive damages in an amount to be determined at trial.

WHEREFORE, the Plaintiff, KEAIRA BOOKER, demands judgment in her favor, against the Defendants, LARRY BUTLER, individually and officially, ISAAC DANIELS, individually and officially and the BOROUGH OF NORTH BRADDOCK jointly and severally for compensatory damages, punitive damages, plus costs of this action, and such other relief as this Honorable Court deems fair and appropriate under the circumstances.

JURY TRIAL DEMANDED.

## COUNT IX

Failure to Intervene

Keaira Booker, an individual
v.
John Doe and Jane Doe, in his individual capacity.

154. The allegations contained in Paragraphs (1-153) of this Complaint in Civil Action are incorporated herein by reference as if the same were set forth at length.

155. Ms. Booker contends that Officers Jane and John Doe violated her right to be free from the excessive force of Officer Butler.  They failed to intervene to protect Booker from Butler's unnecessary use of force.

156. Jane and John Doe watched as Butler unnecessarily battered Booker.

157. Jane and John Doe failed to make an effort to protect Booker from Butler when he/she/they  had a duty to do so.

158. Jane and John Doe had a reasonable opportunity to intervene to protect Booker and failed to do so.

159. As a result of Jane and John Doe's failure to intervene and protect Booker from members of their police department such as Butler, Ms. Booker suffered from violations of her civil rights.  Ms. Booker has been harmed.

WHEREFORE, the Plaintiff, Keaira Booker, demands judgment in her favor, and against the Defendants, John and Jane Doe, individually and in their official capacity as police officers of Borough jointly and severally for compensatory damages, punitive damages, plus costs of this action, and such other relief as this Honorable Court deems fair and appropriate under the circumstances.

**COUNT X**

Intentional Infliction of Emotional Distress

Keaira Booker, an individual
v.

John Doe, in his individual capacity and Jane Doe, in her official capacity and
Larry Butler, in his individual and official capacity.

160. The allegations contained in Paragraphs (1-159) of this Complaint in Civil Action are incorporated herein by reference as if the same were set forth at length

161. Ms. Booker is a resident of the North Braddock area.  Butler harassed and intimidated her for exercising her first amendment right.

162. When he grabbed and arrested her without legal justification.

163. Sergeant Butler intended to cause Ms. Booker emotional distress.

164. Sergeant Butler's conduct was extreme and outrageous and done for the purpose of causing Ms. Booker to suffer humiliation, mental anguish, emotional and physical distress.

165. As a proximate result of Sergeant Butler's extreme and outrageous conduct Ms. Booker sustained injury.

166. As a proximate result of Sergeant Butler verbally assaulting, striking and punching, Ms. Booker during her arrest and the consequences proximately caused by it, as herein-above alleged, Ms. Booker suffered severe humiliation, mental anguish, emotional and physical distress, and has been injured in mind and body

167. As a proximate result of Sergeant Butler verbally assaulting and striking Ms. Booker during his arrest of her, Ms. Booker is entitled to any loss of wages, medical and related expenses incurred or paid.

168. Sergeant Butler's act was done knowingly, willfully, and with malicious intent, and Ms.

Booker is entitled to punitive damages in an amount to be determined by proof at trial.

WHEREFORE, the Plaintiff, Keaira Booker, demands judgment in her favor, and against the Defendants, Larry Butler, in his individual and official capacity and John and Jane Doe, individually and in their official capacities as police officers of the Borough jointly and severally for compensatory damages, punitive damages, plus costs of this action, and such other relief as this Honorable Court deems fair and appropriate under the circumstances.

TODD J. HOLLIS LAW

By: /s/ Todd J. Hollis

Todd J. Hollis, Esquire
Supreme Court I.D. No. 72510

The Pittsburgher
428 Forbes Avenue, Suite 505
Pittsburgh, PA 15219
412.434.0252
Counsel for the Plaintiff:
Ms. Keaira Booker

Date: December 20, 2019